UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| MICHAEL C. FOWLER, | ) | |
| Petitioner, | ) | Civil No. 6: 21-130-JMH |
| V. | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*

Michael Fowler, an inmate at the Federal Correctional Institution—Manchester in Manchester, Kentucky, seeks habeas relief pursuant to 28 U.S.C. § 2241. [R. 1.]. Consistent with the Court's prior Order [*see* R. 6], Fowler has now paid the filing fee required to proceed in this matter. [R. 7.]. His claims are thus before the Court for review. Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). For the reasons that follow, Fowler's petition will be **DISMISSED**.

In 2018, Michael Fowler pled guilty to participating in a conspiracy to distribute methamphetamine, and he was subsequently sentenced to one hundred fifty-one months of imprisonment. *United States v. Fowler*, Case No. 1:17-cr-10024-JDB (W.D. Tenn. 2017), at

R. 166 therein. Fowler is now incarcerated at the Federal Correctional Institution—Manchester in Manchester, Kentucky.

In his section 2241 petition, which he filed in the Eastern District of Kentucky, Fowler states that the Alcorn County Circuit Court in the state of Mississippi issued a warrant against him in 2016. [R. 1 at 2.]. Fowler claims that he filed a motion to dismiss the warrant with a Mississippi court in October 2020, to which a response was due in twenty days; however, Fowler has yet to receive any such response. [*Id.* at 5.]. Fowler further states that the unresolved Mississippi case is impacting his ability to participate in the Residential Drug Assistance Program ("RDAP") at FCI-Manchester. [*Id.* at 6-7.]. In his request for relief, Fowler writes:

> I would like to either have the charges dismiss[ed] or to plead guilty without coming to Mississippi Court and have the time run in with my federal sentence starting 8/2016 with no fines at all. And have this completed in a timely manner.

[*Id.* at 7.]

Upon review, this Court is unable to grant Fowler the relief he seeks. As an initial matter, Fowler provides no authority for the proposition that this Article III court can or should litigate a criminal matter in a Mississippi state court on his behalf. If there is a problem with Fowler's pending case in Mississippi, he should file an appeal in that matter or otherwise seek relief from that court for the delay. Furthermore, because Fowler is not

challenging his present confinement, United States Supreme Court and Sixth Circuit precedent indicate that the matter is not properly before the Eastern District of Kentucky in the first instance.

In *Gilmore v. Ebbert*, 895 F.3d 834 (6th Cir. 2018), the Sixth Circuit Court of Appeals addressed the appropriate location for the litigation of a petitioner's attempted claim under the Interstate Agreement on Detainers Act. While Fowler has not explicitly invoked that Act in his habeas petition, it is clear that he takes issue with a matter pending against him in Mississippi, not Kentucky. The rationale set forth in *Gilmore*, therefore, applies.

A habeas petitioner "ordinarily must name his immediate custodian at the time of filing," which is "the warden of the facility where the respondent is being held." *Gilmore*, 895 F.3d at 837 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Although Fowler failed to name his current warden and instead listed the United States as the Respondent, Fowler attempted to comply with this rule by filing his petition in the Eastern District of Kentucky, his district of incarceration. However, the usual rule does not apply when a habeas petitioner "challenges something other than his present physical confinement." *Id.* (quoting *Rumsfeld*, 542 U.S. at 438).

3

In the present case, Fowler alleges that Mississippi, not the Federal Bureau of Prisons, is violating his rights and holding him in unlawful custody. While Mississippi's action (or lack thereof) against him may ultimately impact his incarceration at FCI-Manchester (i.e., his ability to participate in the RDAP program), Fowler's complaint is ultimately against Mississippi, not the manner in which the Bureau of Prisons is carrying out his federal sentence at FCI-Manchester. In such a situation, *Gilmore* clarifies that Fowler "must sue the state court that exercises legal control with respect to the challenged custody." *Id.* (internal quotation marks and citation omitted). That means that in the present case, Fowler's remedy lies not with Kentucky but Mississippi. *See id.*

Because the Court is unable to give Fowler the relief he seeks, the Court will dismiss his petition. However, the dismissal will be without prejudice so that Fowler may pursue his claims against the appropriate Respondent in Mississippi if he so desires. Being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. Fowler's claims pursuant to 28 U.S.C. § 2241 are **DISMISSED WITHOUT PREJUDICE**;

2. This case is **CLOSED** and **STRICKEN** from the docket; and

3. Judgment will be entered contemporaneously herewith.

This the 3rd day of September, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4